UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TREMAYNE BOWENS,

                               Plaintiff,

v.                                                  6:18-CV-01426

                                                          (FJS/TWD)

C. PELLEGRINO, et al.,

                               Defendants.
_____

APPEARANCES:

TREMAYNE BOWENS
Plaintiff pro se
22218
Oneida County Correctional Facility
6075 Judd Road
Oriskany, New York 13424

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER

      The Clerk has sent to the Court for initial review the complaint in this pro se 42 U.S.C. §1983 civil rights action brought by Plaintiff Tremayne Bowens against Defendants C. Pellegreno, Parole Officer; D. Bassler, City of Utica Police Officer; J. Dare, City of Utica Police Officer; S. Redrat, City of Utica Police Officer; John/Jane Doe #1, Parole Officer; and John/Jane Doe #1, City of Utica Police Officer (Dkt. No. 1.) Plaintiff's initial *in forma pauperis* ("IFP application") was denied by the Hon. Frederick J. Scullin, Jr., Senior United States District Judge, on the grounds it was incomplete and Plaintiff failed to submit a signed Inmate Verification Form. (Dkt. Nos. 2 and 3.) Plaintiff has submitted a second IFP application and a signed Inmate Authorization Form. (Dkt. Nos. 4 and 5.)

I.      PLAINTIFF'S IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). The Court has reviewed the information in both IFP applications filed by Plaintiff in this case. (Dkt. Nos. 2 and 4.) In his initial IFP application, Plaintiff disclosed that he had received a settlement check for lead poisoning. (Dkt. No. 2 at 1.) In his second IFP application, Plaintiff revealed that the settlement check was in the amount of $65,000, but has denied having any other assets, including "cash, checking or savings accounts," so it is unclear what has become of the settlement funds. (Dkt. No. 4 at 2.)

The Court finds that receipt by Plaintiff of a settlement check for $65,000 in the past twelve months, absent circumstances rendering the settlement proceeds unavailable to him for the purpose of paying the statutory filing fees, would render Plaintiff unqualified to proceed *in forma pauperis* in this action. However, the Court will delay filing an Order denying Plaintiff's second IFP application for thirty (30) days from the filing this Order to provide Plaintiff an opportunity to submit information in affidavit or declaration form, along with copies of relevant documents, regarding the present availability to him of the settlement proceeds. The information should include the date upon which Plaintiff received the settlement proceeds; whether the provisions of the settlement agreement imposed any restrictions on Plaintiff's present use of the settlement proceeds; and the basis for any claim by Plaintiff that the proceeds are unavailable for payment of the statutory filing fees in this action.

The Court will consider any relevant information in affidavit or declaration form, along with documentation provided by Plaintiff within thirty (30) days from the date of this Order in its

determination of Plaintiff's second IFP application.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff is granted thirty (30) days from the filing of this Order to submit for consideration by the Court on his second IFP application (Dkt. No. 4), the information in affidavit or declaration form and documentation regarding the settlement proceeds as described above; and it is further

**ORDERED** that the Court will consider all information in affidavit or declaration form and documentation submitted by Plaintiff within the thirty (30) period in its determination of Plaintiff's second IFP application (Dkt. No. 4); and it is further

**ORDERED** that a copy of this Order be provided to Plaintiff.

**IT IS SO ORDERED**.

Dated: January 7, 2019
       Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge